IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GEORGE WALTER PRESLEY, #158 155, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 2:16-CV-255-WHA |
| | )                [WO] |
| JEFFERSON DUNN, COMMISSIONER, | ) |
| | ) |
| Defendant. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.   INTRODUCTION

In this 42 U.S.C. § 1983 action, Plaintiff, a state inmate and a practitioner of Native American Spirituality, claims Defendant violated his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") by forcing him to comply with the Alabama Department of Corrections' ("ADOC") grooming policy and to remain clean shaven with a regulation haircut.[1] Plaintiff seeks declaratory and injunctive relief for the alleged violations of his constitutional rights and costs of this proceeding. Doc. 4.

Defendant filed a special report and supporting evidentiary materials addressing Plaintiff's claims for relief.  In these documents, Defendant denies acting in violation of Plaintiff's constitutional rights.  In addition, Defendant asserts that the amended complaint is due to be dismissed because prior to filing this cause of action, Plaintiff failed to properly exhaust an administrative remedy available to him regarding the claims in the amended complaint. Doc. 20 at 2-3, Exhs. B, C. Defendant bases his exhaustion defense on Plaintiff's failure to file a request for

---

[1] This action is proceeding on the amended complaint filed by Plaintiff on December 30, 2015. Doc. 4.

religious assistance from the Religious Activities Review Committee as permitted by Administrative Regulation # 461.   *Id*. at 3, Exh. C.

On August 25, 2016, the court granted Plaintiff an opportunity to file a response to Defendant's report in which he was advised to "specifically address Defendant's assertion[] that ... [h]is claims are due to be dismissed because he failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a)" prior to filing this federal civil action. Doc. 21 at 1 (footnote omitted). Although the court granted Plaintiff an extension to file a response (Doc. 22), he has not done so within the time allowed by the court.

"[A]n exhaustion defense . . . is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment."   *Bryant v. Rich*, 530 F.3d 1368, 1374-1375 (11th Cir. 2008) (internal quotations omitted); *Trias v. Fla. Dep't of Corr.*, 587 F. App'x 531, 534 (11th Cir. 2014) (District court properly construed defendant's "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies. . . .").   Therefore, the court will treat Defendant's report as a motion to dismiss.

## II.  STANDARD OF REVIEW

In addressing the requirements of 42 U.S.C. § 1997e regarding exhaustion, the Eleventh Circuit has

> recognized that '[t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court.' *Higginbottom v. Carter,* 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam) (quoting *Freeman v. Francis,* 196 F.3d 641, 643-44 (6th Cir. 1999)). This means that 'until such administrative remedies as are available are exhausted,' a prisoner is precluded from filing suit in federal court. *See id.* (affirming dismissal of prisoner's civil rights suit for failure to satisfy the mandatory exhaustion requirements of the PLRA); *Harris v. Garner,* 190 F.3d

> 1279, 1286 (11th Cir. 1999) ('reaffirm[ing] that section 1997e(a) imposes a mandatory requirement on prisoners seeking judicial relief to exhaust their administrative remedies' before filing suit in federal court), *modified on other grounds,* 216 F.3d 970 (11th Cir. 2000) (en banc); *Miller v. Tanner,* 196 F.3d 1190, 1193 (11th Cir. 1999) (holding that under the PLRA's amendments to § 1997e(a), '[a]n inmate incarcerated in a state prison ... must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983'); *Harper v. Jenkin,* 179 F.3d 1311, 1312 (11th Cir. 1999) (per curiam) (affirming dismissal of prisoner's civil suit for failure to satisfy the mandatory exhaustion requirements of § 1997e(a)); *Alexander v. Hawk,* 159 F.3d 1321, 1328 (11th Cir. 1998) (affirming dismissal of prisoner's *Bivens* action under § 1997e(a) for failure to exhaust administrative remedies prior to filing suit in federal court).

*Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1279 (11th Cir. 2001). The Court has therefore determined that "the question of exhaustion under the PLRA [is] a 'threshold matter' that [federal courts must] address before considering the merits of the case. *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004). Because exhaustion is mandated by the statute, [a court has] no discretion to waive this requirement. *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998)." *Myles v. Miami-Dade Cty. Corr. & Rehab. Dep't*, 476 F. App'x. 364, 366 (11th Cir. 2012). Based on the foregoing, the court will "resolve this issue first." *Id.*

"When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. 'If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.' *Turner v. Burnside,* 541 F.3d 1077, 1082 (11th Cir. 2008) (citing *Bryant,* 530 F.3d at 1373–74). If the complaint is not subject to dismissal at this step, then the court should make 'specific findings in order to resolve the disputed factual issues related to exhaustion.' *Id.* (citing *Bryant,* 530 F.3d at 1373-74, 1376)." *Myles*, 476 F. App'x at 366. Consequently, a district court "may resolve

3

disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing].  *See* [*Turner*, 541 F.3d at 1082].  The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record.  *Bryant*, 530 F.3d at 1376."  *Trias*, 587 F. App'x at 535.  The Eleventh Circuit specifically rejected the argument that "disputed facts as to exhaustion should be decided by a jury."  *Id*.

Upon review of the amended complaint, Defendant's special report, and the evidentiary materials filed in support thereof, the court concludes that Defendant's motion to dismiss is due to be granted.

### III.  DISCUSSION

Plaintiff challenges actions by Defendant which he alleges have violated his religious rights under RLUIPA.  Defendant denies Plaintiff's allegations and maintains this case is subject to dismissal because Plaintiff failed to exhaust the administrative remedy provided in the state prison system prior to filing this complaint as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint.   Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies."  *Booth v. Churner*, 532 U.S. 731, 741

n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander*, 159 F.3d at 1325; *Woodford v. Ngo*, 548 U.S. 81 (2006). Moreover, "the PLRA exhaustion requirement requires **proper exhaustion**." *Id.* at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings. . . . Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." *Id.* at 90-91, 93. The Supreme Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement . . . by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him. *Id. at* 83-84; *Bryant*, 530 F.3d at 1378 (citation omitted) ("To exhaust administrative remedies in accordance with the PLRA, prisoners must 'properly take each step within the administrative process.'"); *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA); *Higginbottom*, 223 F.3d at 1261

5

(inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion requirement). "The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint." *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012) (per curiam).

It is undisputed that the ADOC provides an administrative remedy for inmate complaints regarding religious matters as explained in Administrative Regulation # 461. Doc. 20, Exh. C at 9-10, 13-15. The administrative remedy procedure allows an inmate to complete a request for religious assistance and submit the form to the Institutional Chaplain or Volunteer Chaplain. The Institutional or Volunteer Chaplain reviews the request and determines its validity by conferring with ADOC administrative regulations and Religious Activities Review Committee ("RARC") decisions. The Institutional or Volunteer Chaplain then completes the appropriate section on Administrative Form 461-A, Inmate Religious Declaration, and submits the request for the Warden's recommendation. The Warden reviews the request and responds in accordance with established ADOC administrative regulations and returns the form to the Institutional Chaplain. The Institutional Chaplain then forwards the form to the Regional Chaplain who submits the form to the RARC for resolution regarding approval or restriction regarding the request for religious assistance.

The evidentiary materials filed by Defendant demonstrate Plaintiff failed to properly exhaust the administrative remedy procedure available to him at the Fountain Correctional Facility. Specifically, Plaintiff filed no administrative remedy as permitted by Administrative Regulation # 461 regarding the claims made the basis of the amended complaint prior to filing this case. Plaintiff does not dispute his failure to submit an available administrative remedy addressing his

6

federal claims for relief.

Based on the evidence in the record, the court finds Plaintiff failed to properly exhaust the administrative remedy procedure provided at the Fountain Correctional Facility. Specifically, Plaintiff filed no administrative remedy in accordance with the administrative regulation governing religious matters. This remedy remains available to Plaintiff. Under these circumstances, dismissal without prejudice is appropriate.

## IV.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendant's motion to dismiss (Doc. 20) be GRANTED to the extent Defendant seeks dismissal of this case due to Plaintiff's failure to properly exhaust an administrative remedy available to him at the Fountain Correctional Facility prior to initiating this cause of action.

2. This case be DISMISSED without prejudice under 42 U.S.C. § 1997e(a) for Plaintiff's failure to properly exhaust an administrative remedy available to him at the Fountain Correctional Facility.

3. No costs be taxed herein.

It is further

ORDERED that **on or before January 26, 2017**, the parties may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the

Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

   Done this 12th day of January, 2017.


   /s/ Wallace Capel, Jr.
   UNITED STATES MAGISTRATE JUDGE